IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(OWENSBORO DIVISION)

HELEN REED     PLAINTIFF
205 Henning Lane
Utica, Kentucky 42376

v.

Case No. 4:15CV-106-JHM

Judge Chief Judge Joseph H. McKinley, Jr.

MIDLAND FUNDING, LLC     DEFENDANTS
3111 Camino Del Rio North, Suite 1300
San Diego, California 92108

    SERVE:    CSC-Lawyers Incorporating Service Co.
                        421 West Main Street
                        Frankfort, Kentucky 40601

AND

ATLANTICUS SERVICES CORP.
Five Concourse Parkway, Suite 400
Atlanta, Georgia 30328

    SERVE:    Corporation Service Company
                        40 Technology Parkway South, Suite 300, Gwinnett
                        Norcross, Georgia 30092
                        (BY KENTUCKY SECRETARY OF STATE)

AND

TRANS UNION LLC
555 W. Adams Street
Chicago, Illinois 60661

    SERVE:    The Prentice Hall Corporation System
                        421 W. Main Street
                        Frankfort, Kentucky 40601

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Helen Reed, by counsel, and for her Verified Complaint against the Defendants, Midland Funding, LLC ("Midland"), Atlanticus Services Corp. ("Atlanticus"), and Trans Union, LLC ("Trans Union"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., the Truth in Lending Act ("TILA"), 15 U.S.C. §1601 et seq. against Defendants, Midland, Atlanticus and Trans Union.

### II. PARTIES

2. Plaintiff, Helen Reed, is currently and was at all times relevant to this Verified Complaint a citizen of the Commonwealth of Kentucky residing at 205 Henning Lane, Utica, Kentucky 42376.

3. Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4. Plaintiff is an "obligor" as that term is defined in the TILA, 15 U.S.C. §1666.

5. Defendant, Midland is a California corporation doing business in the Commonwealth of Kentucky with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

6. Midland is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

7. Midland is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

8. Defendant, Atlanticus is a Georgia corporation doing business in the Commonwealth of Kentucky with its principal place of business located at Five Concourse Parkway, Suite 400,

Atlanta, Georgia 30328.

9. Atlanticus is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

10. Atlanticus is a "creditor" as that term is defined by the TILA, 15 U.S.C. §1602g.

11. Defendant, Trans Union, is a corporation organized under the laws of the State of Illinois and doing business in the Commonwealth of Kentucky with its principal place of business located at 555 W. Adams Street, Chicago, Illinois 60661.

12. Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

13. Trans Union is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

14. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to the TILA 15 U.S.C. §1640(e); and (3) because the transactions and occurrences giving rise to this action occurred in Daviess County, Kentucky as a result of the Defendants' doing business in Daviess County, Kentucky.

### IV. FACTUAL BACKGROUND

15. In or around 2004, Plaintiff opened an Aspire credit card account with Defendant, Atlanticus.

16. In or around 2009, Atlanticus, upon information and belief, sold or assigned the alleged Aspire credit card debt to Defendant, Midland.

17. In April 2014, Plaintiff, who was in the process of attempting to obtain mortgage

financing, accessed her Equifax, Experian and Trans Union credit reports and discovered derogatory entries furnished by Atlanticus and Midland, each entry showing a balance due of approximately $900.00.

18. Immediately upon discovering the Atlanticus and Midland tradelines in April 2015, Plaintiff filed disputes with Equifax, Experian and Trans Union.

19. Upon information and belief, Trans Union, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Atlanticus and Midland Funding of Plaintiff's disputes at or within five (5) days of Trans Union's and Experian's receiving notice of the dispute from Plaintiff.

20. Despite Plaintiff's lawful request for removal of the disputed items pursuant to the FCRA, Trans Union failed to remove the disputed items from Plaintiff's Trans Union credit report. Upon information and belief, Trans Union did not evaluate or consider any of Plaintiff's information, claims or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Trans Union's receipt of Plaintiff's dispute.

21. The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' false reporting of Plaintiff's alleged past due account balance.

## V. CLAIMS

### Negligence – Atlanticus

22. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 21 as if fully set forth herein.

23. Atlanticus' false reporting to Trans Union regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the subject debt as delinquent, Atlanticus breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history.

4

24. Atlanticus' false reporting to Trans Union regarding the alleged delinquent debt of the Plaintiff has caused and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Atlanticus' false reporting to Trans Union regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Midland Funding

25. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 24 as if fully set forth herein.

26. Midland Funding's false reporting to Trans Union regarding the alleged delinquent debt was negligent under applicable law. In falsely reporting the subject debt as delinquent, Midland Funding breached its duty to Plaintiff to report accurate information regarding Plaintiff's credit history.

27. Midland Funding's false reporting to Trans Union regarding the alleged delinquent debt of the Plaintiff has caused and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages. Midland Funding's false reporting to Trans Union regarding the alleged delinquent debt of the Plaintiff was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Trans Union

28. Plaintiffs hereby adopt and incorporate the allegations contained in paragraphs 1 through 27 as if fully set forth herein.

29. Trans Union's failure to remove Atlanticus' and Midland Funding's false reports of

Plaintiffs' alleged delinquency from Plaintiff's Trans Union credit report, despite Plaintiffs' lawful notice to Trans Union of the falsity of the reports, was negligent. In failing to remove Atlanticus' and Midland Funding's false reports of Plaintiffs' alleged debt, Trans Union breached its duty to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for the Plaintiff.

30. Trans Union's negligent failure to remove Atlanticus' and Midland Funding's false reports of Plaintiff's alleged debt from Plaintiff's Trans Union credit report has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

31. Trans Union's failure to remove Atlanticus' and Midland Funding's false reports of Plaintiff's alleged debt from Plaintiff's credit report, despite Plaintiff's lawful notice to Trans Union of the falsity of the reports, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation - Atlanticus

32. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 31 as if fully set forth herein.

33. Atlanticus, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a past due debts to both Atlanticus and Midland Funding. Atlanticus' statements were false and were made with conscious disregard for the rights of the Plaintiff.

34. Atlanticus' publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due accounts amounts to defamation and defamation *per se* of the Plaintiff,

6

entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Midland Funding

35. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36. Midland Funding, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax, Trans Union, and Experian, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a past due debts to both Atlanticus and Midland Funding. Midland Funding's statements were false and were made with conscious disregard for the rights of the Plaintiff.

37. Midland Funding's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Trans Union

38. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. Trans Union, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Atlanticus, Midland Funding, and other currently unknown individuals and/or entities who have accessed Plaintiff's Equifax, Trans Union, and Experian credit reports, that Plaintiff has a past due debts to both Atlanticus and Midland Funding. Trans Union's statements were false and were made with conscious disregard for the rights of the Plaintiff.

40. Trans Union's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Atlanticus

41. Plaintiff hereby adopt and incorporate the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. Atlanticus' initial and continuing false reporting to Trans Union of Plaintiff's alleged debt is a violation of Atlanticus' duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a)(b).

43. Atlanticus' violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Atlanticus is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Midland Funding

44. Plaintiff hereby adopt and incorporate the allegations contained in paragraphs 1 through 43 as if fully set forth herein.

45. Midland Funding's initial and continuing false reporting to Trans Union of Plaintiff's alleged debt is a violation of Midland Funding's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

46. Midland Funding's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Midland Funding is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Trans Union.

47. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1

through 46 as if fully set forth herein.

48. Trans Union's failure to remove the disputed items from Plaintiff's credit report despite knowledge of the falsity of the disputed items is a violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

49. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items from Plaintiff's credit report within a reasonable time following Trans Union's receipt of Plaintiff's disputes is a violation of Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

## Willful Violation of the Fair Credit Reporting Act – Atlanticus

50. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 49 as if fully set forth herein.

51. Atlanticus' initial and continuing false reporting to Trans Union of Plaintiff's alleged debt, despite Atlanticus' knowledge of the falsity of its reporting, is a willful violation of Atlanticus' duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

52. Given Atlanticus' knowledge of the falsity of its reporting, Atlanticus' violations of the FCRA amount to willful non-compliance with the FCRA as stated is 15 U.S.C. §1681n, for which Atlanticus is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

## Willful Violation of the Fair Credit Reporting Act – Midland Funding

53. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 52 as if fully set forth herein.

54. Midland Funding's initial and continuing false reporting to Trans Union of Plaintiff's alleged debt, despite Midland Funding's knowledge of the falsity of its reporting, is a willful violation of Midland Funding's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(a) and (b).

55. Given Midland Funding's knowledge of the falsity of its reporting, Midland Funding's violations of the FCRA amount to willful non-compliance with the FCRA as stated is 15 U.S.C. §1681n, for which Midland Funding is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Trans Union

56. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 55 as if fully set forth herein.

57. Trans Union's failure to remove the disputed items from Plaintiff's credit report despite knowledge of the falsity of the disputed items is a willful violation of Trans Union's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Trans Union's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

58. Trans Union's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Trans Union's receipt of Plaintiffs' disputes is a willful violation of Trans Union's duties regarding investigation of disputed items 15 U.S.C. §1681i.

59. Trans Union's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n, for which Trans Union is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorneys' fees.

**Violation of the Truth in Lending Act – Atlanticus**

60. Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 59 as if fully set forth herein.

61. Atlanticus' initial and continuing false reporting to Trans Union of Plaintiff's alleged delinquency is a violation of Atlanticus' duties as a creditor pursuant to the TILA 15 U.S.C. §1666a.

62. Atlanticus' violations of the TILA entitle Plaintiff to statutory damages, actual damages, and attorneys' fees pursuant to 15 U.S.C. §1640.

63. investigation of disputed items under 15 U.S.C. §1681i.

64. Experian's failure to evaluate or consider any of Plaintiffs' information, claims or evidence, and its failure to make any and/or sufficient attempts to remove the disputed items within a reasonable time following Experian's receipt of Plaintiffs' disputes is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

65. Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681n, for which Experian is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorneys' fees.

WHEREFORE, Plaintiff, Helen Reed, respectfully demands the following:

A. Trial by jury on all issues so triable;

B. An award of all damages to which Plaintiff is entitled, including all compensatory, consequential, statutory, actual, and punitive damages as allowed by law;

C. An award of Plaintiff's costs and attorneys' fees;

D. An award of all pre- and post-judgment interest at the maximum allowable rate; and,

E. Any and all other relief to which Plaintiff may appear to be entitled.

Respectfully submitted,

*/David W. Hemminger*
David W. Hemminger
LYNCH, COX, GILMAN & GOODMAN P.S.C.
500 West Jefferson Street, Suite 2100
Louisville, KY 40202
(502) 589-4994
dhemminger@lynchcox.com
*Counsel for Plaintiffs*

## VERIFICATION

I, Helen Reed, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Helen Reed

COMMONWEALTH OF KENTUCKY )
                                            ) SS
COUNTY OF JEFFERSON           )

Subscribed, sworn to and acknowledged before me by Helen Reed this \_\_\_ day of _____, 2014.

_____
Notary Public

Commission expires:_____